IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

_____ )
JAMES ALEXANDER CETTO, II,          )
<u>et al.</u>,                            )
                                    )
             Plaintiffs,            )
                                    )
v.                                  )   Civil Action No. 05-1090
                                    )
LASALLE BANK NATIONAL               )
ASSOCIATION,                        )
                                    )
             Defendant.             )
_____)

**<u>ORDER</u>**

This matter comes before the Court on Plaintiffs' Motion for Summary Judgment and Defendant's Motion for Summary Judgment. Plaintiffs' Complaint alleges that Defendant is liable for violations of the Truth in Lending Act, 15 U.S.C. §§ 1601–1677 (2000), and its amendments found in the Home Ownership and Equity Protection Act of 1994, Pub. L. No. 103-325, 108 Stat. 2190 (codified as amended in scattered sections of 15 U.S.C.) (jointly referred to as TILA/HOEPA). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

Plaintiffs are a married couple that reside at 4503 Glendale Road, Dale City, Virginia, 22193 (the residence). Prior to April 8, 2003, the residence was subject to a first mortgage deed of trust in favor of Countrywide Home Loans (Mortgage 1). In 2003 Plaintiffs sought to refinance Mortgage 1 and engaged the

services of a mortgage broker, Savings First Mortgage, LLC (Savings First), to assist them. Savings First brokered a loan between Plaintiffs and MorEquity, Inc. (MorEquity) to refinance Mortgage 1 subject to a second mortgage deed of trust in favor of MorEquity (Mortgage 2). Closing on Mortgage 2 was conducted by Accurate Settlement Services, Inc. (Accurate) on April 8, 2003. MorEquity sold Plaintiffs' loan to Lehman Brothers on July 1, 2003, as part of a package of notes known as Structured Asset Investment 2003-BC9. Lehman Brothers has since named Defendant as Trustee of Structured Asset Investment 2003-BC9. Plaintiffs allege that Defendant, as assignee of Mortgage 2, is liable for various violations of the TILA/HOEPA disclosure and notification provisions. See 15 U.S.C. §§ 1635, 1638, 1639, 1640.

Courts must grant summary judgment if the moving party demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, courts view the facts in a light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party then has the burden of showing that a genuine dispute as to any material fact does exist. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The mere existence of some

alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 248. "Rule 56(e) requires the non-moving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

Plaintiffs allege that Mortgage 2 falls under the coverage of TILA/HOEPA because the settlement fees charged by Accurate (Accurate fees) are part of the total points and fees paid by Plaintiffs on Mortgage 2. See 15 U.S.C. § 1602(aa)(1)(B)(I). However, Plaintiffs acknowledge that if the Accurate fees are not included as Mortgage 2 points and fees, Mortgage 2 is not within the scope of TILA/HOEPA. Therefore, the only issue before the Court is whether the Accurate fees qualify as Mortgage 2 points and fees pursuant to 15 U.S.C. § 1602(aa)(4).

The Accurate fees are part of the Mortgage 2 points and fees if they are paid to a third party that is affiliated with the creditor. 15 U.S.C. § 1602(aa)(4)(C)(iii). While Plaintiffs allege that Accurate is an affiliate of Savings First, Savings First is not the creditor of Mortgage 2, rather Savings First is merely the mortgage broker. A creditor under 15 U.S.C. § 1602(f)

is "a person who both (1) regularly extends ... consumer credit ... , and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable." 15 U.S.C. § 1602(f). Savings First does not meet this definition of creditor. While Savings First may regularly extend consumer credit as defined in the final sentence of 15 U.S.C. § 1602(f), Savings First was not the institution to whom the debt associated with Mortgage 2 was initially payable. Therefore, it appearing to the Court that Savings First is not a creditor under 15 U.S.C. § 1602(f), and that the Accurate fees are not part of the Mortgage 2 points and fees, it is hereby

ORDERED that Plaintiffs' Motion for Summary Judgment is DENIED, Defendant's Motion for Summary Judgment is GRANTED, and this case is DISMISSED.

/s/
_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
June 1, 2006

4